**UNITED STATES, Appellee,**

v.

**Private (E-2) Anthony E. PERRY, 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, United States Army, Appellant.**

**CM 447301.**

U.S. Army Court of Military Review.

25 Sept. 1985.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Jan M. Wamsted, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Pursuant to his pleas, appellant was convicted of absence without leave and of dishonorably failing to maintain sufficient funds in the bank, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934 (1982), respectively.

Appellant asserts that the military judge erred during the presentencing proceeding by admitting into evidence Department of Defense (DD) Form 508, which documented an approved recommendation for disciplinary action against appellant for disobeying a lawful order while appellant was a pretrial confinement prisoner at the post confinement facility. At trial, defense counsel objected to the introduction of this document on the specific grounds that "it doesn't fall in the paragraph concerning personnel records, in that it does not reflect his conduct, but rather his performance as a prisoner ... at the (post confinement facility)." Appellant proposes two arguments on appeal: (1) that DD 508 was not competent evidence, relying on *United States v. Paulson*, 30 C.M.R. 465 (ABR), *pet. denied*, 30 C.M.R. 417 (C.M.A.1960); (2) that, as a prerequisite to admissibility, minimum due process should be required in the form of notice, opportunity for a hearing, and right to counsel. These contentions are without merit.

As we stated in *United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985):

It is clear that in promulgating the Manual for Courts-Martial, United States, 1984 ... the President intended to greatly expand the types of information that could be presented to a court-martial during the adversarial presentencing proceeding. In fact, the drafters of the MCM have expressly indicated that RCM 1001 is intended to permit "the presentation of *much of the same information* to the court-martial *as would be contained in a presentence report....*"

*Id.* at 779.

■ Rules for Courts-Martial (hereinafter cited as RCM) 1001(b)(2) pertinently includes as matters which can be presented by the prosecution, during the presentencing procedure, the following:

*(2) Personal data and character of prior service of the accused.* Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's ... character of prior service. Such evidence includes copies of reports reflecting the past military ... conduct, performance ... of the accused and evidence of any disciplinary actions....

In this case, the information contained in the DD Form 508, constituted not only evidence of appellant's past military conduct, but also evidence of his past military performance as a military pretrial confinement prisoner, as well as evidence of a disciplinary action taken against the appellant. Thus, this information would qualify as evidence of the character of appellant's prior service using any one or all of these three separate and distinct bases.

■ Army Regulation 27–10, Legal Services: Military Justice, para. 5–25 (15 March 1985) (hereinafter referred to as AR 27–10) pertinently provides:

a. For purposes of R.C.M. 1001(b)(2) and (d), trial counsel may, in his or her discretion, present to the military judge (for use by the court-martial members or military judge sitting alone) copies of *any personnel records* that reflect the past conduct and performance of the accused, made or maintained according to departmental regulations....

b. *These records may include personnel records contained in the OMPF or located elsewhere,* unless prohibited by law or other regulation.[1]

(Emphasis added).

It is clear from reading the above cited portions of RCM 1001(b)(2) and AR 27–10 that evidence of an approved recommendation for a disciplinary action against a pretrial confinement prisoner duly recorded on an official DD Form 508 is admissible in evidence, in the discretion of the military judge, during the court-martial presentencing proceedings. In ruling on the admissibility of such a document, however, the military judge should apply the balancing test of Mil.R.Evid. 403.[2] *Cf. United States v. Harrod,* 20 M.J. at 780. We believe that the use of this test is more than adequate to insure that the accused is not deprived of a fundamentally fair presentencing procedure.[3]

We believe that the case at bar is distinguishable from *United States v. Mathews,* 6 M.J. 357 (C.M.A.1979), *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), and *United States v. Paulson,* 30 C.M.R. 465. How-

---

1. Army Regulation 27–10 specifically precludes the admission of summarized records of nonjudicial punishment. This exclusion was based on a policy decision that commanders should be provided an alternative procedure for disposing of "minor offenses" in a manner which allows them to correct such current misconduct without subjecting the offender to a wide variety of adverse side effects. Of course, if the Department of Army desires to provide a similar exclusion to DD Form 508 approved recommendations for disciplinary actions, it has the authority to do so.

2. Applying the Mil.R.Evid. 403 test to DD Form 508 (Prosecution Exhibit 5), we find that the probative value of Prosecution Exhibit 5 was not substantially outweighed by the dangers listed in Mil.R.Evid. 403.

3. We need not resolve at this time whether a recommendation for disciplinary action (contained in a DD Form 508) that was "disapproved" would be inadmissible *per se* when subjected to an Mil.R.Evid. balancing test.

ever, to any extent that *United States v. Paulson* is in conflict with this opinion, it is overruled.

The findings of guilty and the sentence are affirmed.

Judge CARMICHAEL and Judge ROBBLEE concur.