**UNITED STATES, Appellee,**

v.

**Specialist Four Edward L. KINSLER, 279–66–9752, United States Army, Appellant.**

**ACMR 8601266.**

U.S. Army Court of Military Review.

21 July 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Cynthia M. Brandon, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

### OPINION OF THE COURT

SMITH, Judge:

On 29 August, 2 and 11 September, and 20 and 26 November 1986, the appellant was tried by a general court-martial composed of officer and enlisted members at Fort Knox, Kentucky. Contrary to his pleas, he was found guilty of sodomy with a child in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (1982). He was sentenced to a dishonorable discharge, confinement for three years, forfeiture of $639.00 pay per month for three years, and reduction to the grade of Private E–1. The convening authority approved the sentence.

On appeal, appellant contends that his right to a fair trial was impermissibly abridged by the military judge's denial of his motion for investigative and expert assistance. We disagree.

I

Prior to trial, appellant, facing allegations of attempted rape, sodomy, and indecent acts made by his 12–year-old stepdaughter, voluntarily underwent a polygraph examination. After being informed that his answers indicated deception, he orally stated that "I did it; the things ... [T] says I did, I did. What she says I did, I did." Subsequent to the oral admission, appellant, under oath, signed a statement indicating that, while he was not involved in the alleged acts, "it will be easier to say that I did in fact [commit the alleged acts]."

At trial appellant's defense counsel requested funds for an expert, Dr. L, in the area of uses and abuses of lie detector tests. He explained that the expert "would have the ability to review all information relating to the polygraph examination and come up with an opinion of some type of

psychological pressure that was put on the accused in order to obtain some type of statement." In responding to the military judge's inquiry as to whether he was requesting funds for expert or investigative services trial defense counsel responded, "Well, I believe that my inkling is that the end result of the services will be some type of opinion that will be useful to this case. So I am asking for both." Ultimately trial defense counsel stated:

> All I want, Your Honor, admittedly, I'm all thumbs when it comes to just obtaining information so someone else with the expertise can evaluate it, and that's all I want. All I want is the polygraph, to be able to ship all of the testimony from the 32s, a statement of understanding of the accused, a statement of understanding from Sergeant Carlson as to what took place, to ship all this to Doctor ... [L] and have him evaluate all this information to determine *whether or not* there would have been a psychological impact that *could have affected* whether or not the accused voluntarily made those statements. (emphasis added).

The military judge denied the motion, stating in part:

> It seems to me that there is a difference, there are several different scenarios; one is where you have, you can point to facts and say, "Based on these facts there is something here that needs to be examined further," and then you have another scenario where you say "I don't know, but maybe I've got something," or "I don't know if I've got anything at all but I need somebody to tell me if I've got something at all." It seems to me that what you have presented to me, Captain ... [S], is in the latter category; you are fishing, at least that's the impression I get from what you have told me.

## II

■■■ In *United States v. Garries*, 22 M.J. 288, 291 (C.M.A.), *cert. denied*, 479 U.S. ——, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986), the Court of Military Appeals, citing, *inter alia, Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), stated that "[w]hen an accused applies for the employment of an expert, he must demonstrate the necessity for the services." Absent a showing of necessity, there is no requirement for the government to provide the expert. *See Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir.1987) (a defendant must show that "there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial") (footnote omitted). On the basis articulated, the military judge did not abuse his discretion in denying the defense request in this case. *See United States v. Garries*, 22 M.J. at 291; *United States v. Goodwin*, 770 F.2d 631 (7th Cir. 1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 858, 88 L.Ed.2d 897 (1986). An accused "must demonstrate something more than a mere possibility of assistance from a requested expert...." *Moore v. Kemp*, 809 F.2d at 712 (footnote omitted). A court need not provide for investigative services for a mere "fishing expedition." *United States v. Schultz*, 431 F.2d 907, 911 (8th Cir.1970).

In this case the trial defense counsel failed to demonstrate any showing of necessity.[1] He presented the military judge with an "inkling" and requested that a particular expert be hired to explore the "inkling" to determine "whether or not there would have been a psychological impact" affecting voluntariness. Such a fishing expedition does not require the employment of an expert. Accordingly the assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.

---

1. Indeed, there was no indication that expert assistance within the United States Army was unavailable. As noted in *Garries*, "[in] the usual case, the investigative ... services available in the military are sufficient to permit the defense to adequately prepare for trial." 22 M.J. at 290–91.