**UNITED STATES, Appellee,**

v.

**Private E–1 Leroy S. FONTENOT, 448–70–3500, United States Army, Appellant.**

**ACMR 8701490.**

U.S. Army Court of Military Review.

27 April 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Ro-

berson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was convicted, contrary to his pleas, of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter UCMJ]. His sentence to a dishonorable discharge, forfeiture of all pay and allowances, and confinement for forty years was approved by the convening authority. Before this court, appellant assigns several errors.

### I.

First, appellant makes a combined attack on the military judge's treatment of the question of his sanity. He asserts that error was committed, first, when his request for the assistance of a civilian expert was denied and, second, when no further mental evaluation was ordered. We disagree.

■ A military accused "is entitled to have access to a qualified psychiatrist or psychologist for the purposes of presenting an insanity defense," without regard to indigency. *United States v. Mustafa*, 22 M.J. 165, 169 (C.M.A.1986), *cert. denied.* 479 U.S. 953, 107 S.Ct. 444, 93 L.Ed.2d 392 (1986). The entitlement is one of access to a competent professional and is not the right to select a particular professional. *Id., quoting Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The government is not required to appoint a psychiatrist specifically for the accused nor to provide one who will agree with the accused's position. *See United States v. Davis*, 22 M.J. 829, 833 (N.M.C.M.R.1986), *affirmed*, 24 M.J. 222 (C.M.A.1987). In this case, appellant was evaluated by a neutral sanity board of three psychiatrists, two of whom were board-certified, convened at Brooke Army Medical Center.

That board diagnosed the appellant as suffering from alcohol abuse and antisocial traits but found that the appellant had sufficient mental capacity to stand trial and that, at the time of the charged offense, he did not have a severe mental disease or defect and was able to appreciate the nature and quality or wrongfulness of his conduct. A fourth psychiatrist who reviewed appellant's erratic behavior in pretrial confinement opined that he could be psychotic or malingering.

In an Article 39(a), UCMJ, session, defense requested that the government pay for the testing and evaluation of the accused by a civilian psychiatrist who had not examined the accused but who had reviewed appellant's records and spoken with him briefly on the telephone. Trial defense counsel's motion was based on the argument that, although the civilian psychiatrist apparently did not challenge the adequacy of the sanity board, he believed further testing was necessary in view of the "possibility" that there "could be some mental disease or defect." The government presented evidence from several lay witnesses who had seen the appellant both recently and near the time of the charged rape and who testified that his behavior was generally within the range of what was normal under the circumstances. In denying the defense motion, the military judge found that there was little or no showing that the sanity board might have been inadequate, that there was no showing of a history of disturbance, and that the appellant's recent unusual behavior was "acting out."

Thus the appellant had received, through the evaluation by several impartial psychiatrists, the assistance to which he was entitled. "The only effect of the military judge's ruling was to overrule appellant's request for the services of a particular psychiatrist." *Mustafa*, 22 M.J. at 169. He failed to make any showing that the assistance provided was inadequate or that the services of the civilian psychiatrist were necessary. As this court has recently noted, "[a]bsent a showing of necessity, there is no requirement for the government to provide [an] expert." *United States v.*

*Kinsler*, 24 M.J. 855, 856 (A.C.M.R.1987). That showing of necessity requires more than the "mere possibility of assistance" from the requested expert. *Id., quoting Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir.1987). In this case, the accused showed only the "possibility" that he might have "some mental disease or defect." Such a fishing expedition need not be funded by the government.

■ Further, with respect to the argument that the military judge erred by not ordering further sanity proceedings, defense never requested that another sanity board be convened. Trial defense counsel sought only the appointment of the civilian expert. In light of the evidence before the judge and his findings, which are fully supported by the record, we hold that the military judge had no *sua sponte* duty to order an additional sanity evaluation.

## II.

■ The appellant next alleges that the military judge erred in admitting evidence of acts of misconduct by the accused while in pretrial confinement. Specifically, over defense objection, numerous documents from the appellant's Installation Detention Facility (IDF) file, which demonstrated extensive misconduct by appellant while confined, were admitted as aggravation evidence in the presentencing portion of trial.

This court has previously approved the admission of Department of Defense (DD) Form 508, documenting approved disciplinary action against an accused in pretrial confinement. *United States v. Perry*, 20 M.J. 1026 (A.C.M.R.1985). Appellant argues, however, that documents other than DD Form 508 were admitted by the military judge, documents which he contends do not afford him "minimal due process" prior to their inclusion in his IDF file. This contention overlooks the fact that, in *Perry*, we rejected the argument that, "as a prerequisite to admissibility, minimum due process should be required...." *Id.*

■ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(2) [hereinafter R.C.M.] provides that, pursuant to regulation, evidence of the accused's character of service, including evidence of reports which are maintained in his personnel files and which reflect his past military conduct, performance and any disciplinary action against him, are admissible as matters in aggravation. Army Regulation 27–10, Legal Services: Military Justice, paragraph 5–25 (1 Jul. 84), provides for the admissibility in presentencing proceedings at court-martial of personnel records made or maintained in accordance with regulation, wherever located, unless otherwise prohibited. The sole exception to this rule of admissibility is for Department of Army (DA) Form 2627–1 (Summarized Record of Proceedings under Article 15, UCMJ). Thus, the personnel records maintained by the IDF on the appellant are admissible, except as to any DA Form 2627–1, in the absence of any valid challenge to their being properly made or maintained.

Appellant has not, either at trial or before this court, argued that the challenged records were not properly made or maintained. Of course, should the military judge determine that the documents being offered are unduly prejudicial under the balancing test of Mil.R.Evid. 403, he may properly refuse to admit them. In this case, the military judge specifically rejected an argument that the challenged documents would be highly prejudicial or unfair for the court-martial to consider. We agree with his conclusion and hold that no error was committed in the admission of the IDF file documents.

## III.

Appellant's third contention is that the military judge failed to maintain a fair and neutral environment for impartial sentencing. Under this rubric, he challenges both the testimony of the victim's parents and trial counsel's sentencing argument.

■ In the presentencing proceedings, the victim's mother and father testified on the impact of the rape on their daughter, on their family and on themselves. Prior to their testimony, trial defense counsel objected to their evidence, solely on the grounds of unfair prejudice under Mil.R. Evid. 403. The military judge denied that

motion but instructed the parents that he had a responsibility to ensure that the appellant receive a fair sentencing hearing and that, should their testimony become "too much of an emotional appeal to the court members," he would be obligated to stop them from testifying. In fact, especially in view of the brutal nature of the rape in this case, the challenged testimony was quite restrained. We agree with the military judge that this evidence passes the balancing test of Mil.R.Evid. 403.

■ Appellant correctly notes that the Supreme Court in *Booth v. Maryland,* — U.S. ——, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), rejected the use of "victim impact statements" in the capital sentencing process and argues that the same risk, i.e., that of directing the sentencing authority's attention away from the blameworthiness of the defendant and toward the character of the victim and the effect of the crime on the victim's family, applies in non-capital cases such as his. We disagree. A capital sentencing proceeding is unique in that the punishment possible is a "punishment different from all other sanctions...." *Woodson v. North Carolina,* 428 U.S. 280, 303-4, 96 S.Ct. 2978, 2990-1, 49 L.Ed.2d 944 (1976) (plurality opinion of Stewart, Powell and Stevens, JJ.). We believe that the Supreme Court has drawn a decisive line for due process purposes between capital and non-capital cases. Absent the possibility of an accused receiving the death penalty, the admission of victim impact statements is constitutionally permissible. *See Booth,* 107 S.Ct. at 2536 n. 12.

■ Under R.C.M. 1001(b)(4), evidence in aggravation includes evidence "as to any aggravating circumstances directly relating to or resulting from the offense of which the accused has been found guilty." Such evidence includes that "of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused...." R.C.M. 1001(b)(4) discussion. Just as the impact of a crime can extend beyond an individual to affect a command, *id.,* it can extend to the victim's family. Indeed, the impact on the victim's family is yet another form of impact on the crime victim. Thus, so long as a family member's testimony is relevant and meets the balancing test of Mil.R.Evid. 403, it is admissible aggravation evidence. As the Supreme Court noted, "[t]he trial judge, of course, continues to have the primary responsibility for deciding when [victim impact] information is sufficiently relevant to some legitimate consideration to be admissible, and when its probative value outweighs any prejudicial effect." *Booth,* 107 S.Ct. at 2535 n. 10. As we noted above, the military judge insured that the evidence would not be unduly prejudicial by his instructions to the witnesses before they testified. He properly applied the balancing test of Mil.R.Evid. 403 in admitting the challenged evidence. Furthermore, there were no objections by the defense during or after the testimony. No error was committed in the admission of this evidence of victim impact.

■ With respect to the challenged sentencing argument, trial counsel, while patterning some of his argument after that in *United States v. Williams,* 23 M.J. 776, 786-87 (appendix) (A.C.M.R.1987) (en banc), *petition denied,* 25 M.J. 209 (C.M.A.1987), did not use the specific language that was closely scrutinized by this court sitting en banc in *Williams.* In any event, there being no objection to the argument and no request for a cautionary instruction by defense counsel, the appellant waived any complaint he may otherwise have. Further, we conclude that the argument below was not so clearly erroneous as to require the military judge to *sua sponte* take corrective action. *Cf.* R.C.M. 1001(g) (waiver by failure to object to improper sentence argument).

We have considered the issue personally asserted by appellant and find it to be meritless and we find the sentence to be appropriate.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge LYMBURNER and Judge SMITH concur.