UNITED STATES

v.

**Staff Sergeant Jerome A. TORNOWSKI, FR 522–94–6186, United States Air Force.**

ACM 27155.

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 May 1988.

Decided 28 Sept. 1989.

Appellate Counsel for the Appellant: Mr. Luther C. West, Baltimore, Maryland, Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor, Major Terry M. Petrie and Major Mark C. Ramsey, USAFR.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

The appellant, a ten year veteran of the Air Force, was tried before a military judge, sitting alone. He was found guilty, despite pleas of not guilty, of raping E.F., a seven year old female child, at divers times during a period from 19 June 1987 until 13 July 1987. The adjudged sentence consisted of a dishonorable discharge, confinement for 20 years, forfeiture of all pay and allowances and reduction to airman basic. This sentence was approved by the general court-martial convening authority.

The appellant argues that he "was denied military due process when he was denied expert consultants in psychology at the Article 32 and at the trial on the merits." The appellant was not in fact entirely denied the assistance of expert consultants before trial. Commendably, the special court-martial convening authority directed that a security police investigator be appointed to assist the defense in response to one request. He also indicated that the defense might have the services of an Air Force gynecologist in response to another aspect of the same request. The defense subsequently requested the services of a named expert in child psychology, an active duty officer assigned to another command. When it became apparent that the first expert was not available to assist, the defense requested that a second expert, an Air Force Reservist not then on active duty, be detailed to provide consultant services. The defense also requested the services of a civilian expert in pediatric gynecology by name. In response to the latter two requests, the special court-martial convening authority determined that the defense had not made a sufficient showing of necessity.

■ With respect to the pretrial defense requests, we note that a request for the services of a consultant differs from a request that a specific expert witness be produced for the defense. When the defense seeks to have the Government provide a consultant, it has no right to demand that a particular individual be designated. *Ake v. Oklahoma*, 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53, 66 (1985) (criminal defendant's right to a competent psychiatrist does not include "a constitutional right to choose a psychiatrist of his own personal liking"), cited with approval in *United States v. Mustafa*, 22 M.J. 165, 169 (C.M.A.1986), *cert. denied*, 479 U.S. 953, 107 S.Ct. 444, 93 L.Ed.2d 392 (1986). For a recent application of the rule, see *United States v. Provost*, 875 F.2d 172, 175 (8th Cir.1989). The larger issue we face is whether the defense sufficiently demonstrated that it required certain consultant services to provide an adequate representation for the appellant.

■ At trial, defense counsel persisted in the request that a child psychologist be appointed to assist in the appellant's defense. Following a hearing, the military judge concluded that the defense had not adequately demonstrated the necessity for the appointment of an expert consultant in child psychology. Notwithstanding this conclusion, he ordered that three persons, a psychiatrist, a social worker and counsellor with experience in child abuse matters and an OB/GYN nurse practitioner, be made available as confidential consultants to the defense team. As we interpret the defense position at trial, they were not satisfied either with the expertise of these particular consultants as it related to the case to be tried or that the military judge provided them enough time to develop meaningful defense tactics with the assistance of the consultants provided.

■ The defense, in an appropriate case, is entitled to the appointment and confidential assistance of expert consultants either provided by or paid for by the Government based upon a defense "demonstration of the necessity for the services." *United States v. Garries*, 22 M.J. 288, 291 (C.M.A. 1986), *cert. denied*, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986). Surprisingly, there has been very little development of the subject of defense access to expert consultants in appellate military law beyond the bare bones of the necessity test enunciated in *Garries*. We might be able to draw two somewhat contrary inferences from this fact: (1) trial defense counsel have not generally found it necessary to request the services of expert consultants; or, (2) reasonable pretrial requests for appointment of expert consultants have generally been granted. *See e.g., United States v. Turner*, 28 M.J. 487 (C.M.A.1989), which is also instructive in explaining at least one critical difference between a defense consultant and a defense requested expert witness. *See United States v. True*, 28 M.J. 1057 (N.M.C.M.R.1989), which explores this important differentiation in more detail.

The Army Court of Military Review has opined that a defense counsel must present the military judge with more than an "inkling" that expert assistance is required. *United States v. Kinsler*, 24 M.J. 855, 856 (A.C.M.R.1987), *pet. denied*, 27 M.J. 21 (1988). The Navy–Marine Corps Court of Military Review, in reviewing a defense request for the services of an investigator, in *United States v. True, supra*, has suggested that the key to a successful defense demonstration of necessity is a plausible showing that the expert could provide information that the defense and its staff would not be able to obtain on its own. The Court's rationale was based partially on language in a leading federal case, *Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir.1987), as follows:

> We recognize that defense counsel may be unfamiliar with the specific scientific theories implicated in a case and therefore cannot be expected to provide the court with detailed analysis of the assist-

ance an appointed expert might provide. We do believe, however, that defense counsel is obligated to inform himself about the specific scientific area in question and to provide the court with as much information as possible concerning the usefulness of the requested expert to the defense's case.

There is little question that child sexual abuse cases often present a fertile, indeed, a necessary, area for expert assistance. *United States v. Tolppa*, 25 M.J. 352, 355 (C.M.A.1987); *United States v. Nelson*, 25 M.J. 110, 112–113 (C.M.A.1987), *cert. denied*, 484 U.S. 1061, 108 S.Ct. 1016, 98 L.Ed.2d 982 (1988); *United States v. Snipes*, 18 M.J. 172, 179 (C.M.A.1984). Particularly when, as in this case, the prosecution utilizes the assistance of experts, the defense can make a valid and plausible argument for expert assistance of its own to aid in properly evaluating the factual issues and providing adequate legal representation for an accused. Based on certain of his remarks from the bench, the military judge initially appeared skeptical that the defense was citing areas of concern which were beyond the comprehension of those with lay knowledge. From our review of the record, the defense team in this case articulated a number of areas in which a child psychologist might have provided valuable insights and guidance. For instance, certain information suggested that the seven year old victim might have possessed an unusual degree of sexual awareness for a child of tender years. Might this have caused her to make sexual allegations against the appellant that another child of the same age could not have fabricated?

■ As we interpret the military judge's ruling in this case, he was not persuaded that the defense was specific enough in defining the issues they hoped to develop with expert assistance nor that they demonstrated that they had sufficiently educated themselves as to such potential issues that might be developed with expert assistance. We note that the civilian defense counsel repeatedly advised the military judge to the effect that he did not want to

alert the prosecution team, and their experts, to potential issues. While we can understand this reticence on the part of counsel, it is not consistent with providing the military judge as much information as possible so that he may make an intelligent decision. *Moore v. Kemp,* 809 F.2d at 712. This is one aspect of the defense right to expert assistance that the Court of Military Appeals has addressed very clearly. In *United States v. Garries,* the appellant contended that the military judge erred in refusing to grant an *ex parte* hearing which would have enabled the defense to argue the necessity for a private investigator in a capital case. The Court, in rejecting this contention, said: "Use of an *ex parte* hearing to obtain expert services would rarely be appropriate in the military context because funding must be provided by the convening authority and such a procedure would deprive the Government of the opportunity to consider and arrange alternatives for the requested expert services." 22 M.J. at 291. We believe the clear message of *Garries* is that a trial defense counsel who seeks the services of an expert consultant cannot play coy. He must show whatever cards he either thinks he holds or may acquire with such expert assistance.

*Moore v. Kemp,* which is instructive on many facets of the defense consultant question, has this to say about the role of appellate courts in assessing the rulings of trial judges in denying a defense request for a particular type of expert consultant:

> Specifically, we must assess the reasonableness of the trial judge's action at the time he took it. This assessment necessarily turns on the sufficiency of the petitioner's explanation as to why he needed an expert. That is, having heard petitioner's explanation, should the trial judge have concluded that unless he granted his request petitioner would likely be denied an adequate opportunity fairly to confront the State's case and to present his defense?

809 F.2d at 710. Having reviewed the record and having utilized the quoted test, we find that the military judge did not abuse his discretion in denying the defense request for the appointment of a child psychologist as an expert consultant.

By a separately assigned error, the appellant argues that the military judge erred in permitting Linda McTague, a psychiatric social worker, to testify as to statements concerning the offenses made to her by the victim in the course of therapeutic sessions. The military judge allowed the witness to relate the statements pursuant to the medical diagnosis or treatment exception to hearsay. Mil.R.Evid. 803(4). Ms. McTague provided the premise for admitting the victim's statements by testifying that the victim had an expectation of "feeling better" as a result of the consultations. We agree wholeheartedly with appellate defense counsel that it would have been preferable for the victim herself, who had earlier testified, to have provided her own account of what benefit she sought to derive from relating her experiences to Ms. McTague. *See generally, United States v. Deland,* 22 M.J. 70, 75 (C.M.A.1986), *cert. denied,* 479 U.S. 856, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). However, we conclude that Ms. McTague's testimony was sufficient, although marginally so, to meet the second prong of the test emphasized in *United States v. Williamson,* 26 M.J. 115, 118 (C.M.A.1988), that the declarant made the statements "with some expectation of receiving medical benefit from the medical diagnosis or treatment." *See also United States v. Lingle,* 27 M.J. 704 (A.F.C.M.R. 1988), *pet. denied,* 28 M.J. 455 (1989). The military judge did not err in considering Ms. McTague's testimony as to what the victim related concerning her encounters with the appellant.

We are troubled by a portion of Ms. McTague's testimony in which she described certain so-called indicators of fabrication and non-fabrication by children relating incidents of sexual abuse and opined that the victim demonstrated several of the recognized indicators of non-fabrication in the course of the therapy sessions. This portion of the testimony appears to us to have been a thinly disguised comment by the witness as to the victim's truthfulness concerning the allegations against the ap-

pellant. *United States v. Tolppa*, 25 M.J. at 354–355; *United States v. White*, 25 M.J. 50, 52 (C.M.A.1987); *United States v. Deland*, 22 M.J. at 75. However, in the absence of a defense objection, any error was waived. *United States v. White*, 25 M.J. at 52; Mil.R.Evid. 103.

We have examined the record of trial, the assignment of errors, the Government's reply thereto and have considered the oral arguments of counsel. We conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judge BLOMMERS and Senior Judge KASTL concur.