UNITED STATES

v.

**Staff Sergeant Eddie D. LANGSTON, FR 259–98–7739, United States Air Force.**

**ACM 28587.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Jan. 1990.

Decided 14 March 1991.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Lieutenant Colonel Brenda J. Hollis; Major Paul H. Blackwell, Jr.; Captain James C. Sinwell and Major Scott W. Stucky, USAFR.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

RIVES, Judge:

The appellant urges that his right to a fair trial was violated when the military judge denied his motion for an expert witness and then allowed the trial counsel to impeach the "adequate substitute" witness on cross-examination. We disagree.

Before and during trial, the defense made various requests for both an expert witness and an expert consultant. The distinction between the two kinds of expert assistance may not have been fully appreciated. Counsel in this case intermingled the two, creating needless confusion at both the trial and appellate levels. The roles of the two experts differ, as do the foundation requirements for motions to provide their services at government expense, and different bodies of precedent are used to resolve such motions. Confusing the two at any stage is easy but dangerous.

■ Before entering pleas, defense counsel requested an expert *consultant* be appointed to assist the defense. A partial mental responsibility defense was contemplated. *See United States v. Baasel*, 22 M.J. 505 (A.F.C.M.R.1986). The military judge decided that the defense was entitled to present mental responsibility evidence, and a qualified expert was made available to the defense as a witness. The request for a separate expert *consultant* was denied. The judge's ruling was correct, as the defense did not make an adequate showing of necessity for such consultant services. *United States v. Tornowski*, 29 M.J. 578 (A.F.C.M.R.1989); *United States v. True*, 28 M.J. 1057 (N.M.C.M.R.1989). The subsequent unconditional pleas of guilty* waive this issue in any event. R.C.M. 910(j); *United States v. Sneed*, 32 M.J. 537 (A.F.C.M.R.1990) The defense did not renew the request for an expert consultant to assist with the sentencing phase of the trial. *See Tornowski, supra.*

As noted, the request for an expert *witness* was granted. Thus, there is no issue on this point, either.

■ After the expert witness testified in mitigation for the appellant, he was cross-examined. The appellant complains that the government should have been estopped from showing the limited experience of the expert, since this witness had been provided by the government as an "adequate substitute" for the expert the defense had requested.

Exploring the bases for an expert's opinion in order to assess its weight is not tantamount to a repudiation of his qualifications and expertise. Here, the witness' qualifications as an expert were not attacked. The prosecution did make an effort to show that he had limited experience with the specific type of disorder (pathological gambling) suffered by the appellant. However, most of the cross-examination focused on an unsuccessful effort to have the expert agree that isolation was the best

treatment for a gambling disorder. The expert stuck to a position that appellant's gambling problem could be more productively treated outside of incarceration. We find the cross-examination of the witness to have been within permissible bounds. *See* Mil.R.Evid. 607, 611(b), 703.

■ We urge trial practitioners to distinguish between a request for an expert witness and a request for an expert consultant. An expert *consultant* is provided to the defense as a matter of due process, in order to prepare properly for trial and otherwise assist with the defense of a case. *See, e.g.*, Article 46, UCMJ, 10 U.S.C. § 846; *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *United States v. Garries*, 22 M.J. 288, 290 (C.M.A. 1986). The expert consultant is a member of the defense team and may receive confidential communications. Unless the consultant also testifies as a witness, the consultant is not subject to pretrial interviews by the other party, or to questioning during the trial. *See* Mil.R.Evid. 502; *United States v. Turner*, 28 M.J. 487, 488, 489 (C.M.A.1989). By contrast, an expert *witness* may be called by either party or by the court. The expert witness testifies at trial and may be interviewed beforehand by both parties. Once the witness testifies, he or she is subject to cross-examination (and the normal rules apply). *Id.*

Having examined the record of trial, the assignment of errors and the government's reply thereto, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge LEONARD and Judge JAMES concur.

---

* The appellant was convicted of two specifications in violation of Article 123a, UCMJ, 10 U.S.C. § 923a, for writing a total of $10,500 worth of bad checks. He was sentenced to a bad conduct discharge, confinement for 12 months, forfeiture of $483 per month for 12 months, and reduction to the grade of E–1.