10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerome A. TORNOWSKI, Petitioner-Appellant,
v.
Col. William L. HART, Respondent-Appellee.
 No. 93-3118.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 Before TACHA and KELLY, Circuit Judges, and BROWN,* District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Jerome A. Tornowski, proceeding pro se, appeals the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. Sec. 2241. Petitioner was convicted by a court-martial of the rape of a seven-year-old girl. His conviction was affirmed by the United States Air Force Court of Military Review, and the United States Court of Military Appeals denied review. Petitioner then sought habeas relief before the district court, contending that he was not given a fair trial, and arguing six specific points of error. The district court refused to consider all but two of the issues raised because petitioner had not raised the other four issues before the military review court. The district court denied habeas relief on petitioner's remaining two issues, determining that they had been adequately considered by the military courts and that those courts had applied the proper legal standards. We construe petitioner's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 On appeal, petitioner raises four of the six issues presented before the district court,[1] and contends that the district court's refusal to consider issues not raised before the military review court is error. Decisions from this circuit make clear that federal courts generally will not review the merits of claims that have not been raised in the military courts, see, e.g. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986), unless a petitioner can show cause excusing his failure to raise an issue, and resulting prejudice, see Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 812 (10th Cir.1993) (citing Wolff v. United States, 737 F.2d 877 (10th Cir.), cert. denied, 469 U.S. 1076 (1984)), petition for cert. filed, 62 U.S.L.W. 3275 (U.S. Sept. 28, 1993) (No. 93-503). Because petitioner raised only two issues before the military review court, and because no showing of cause and prejudice has been made, we agree with the district court that consideration of petitioner's habeas petition is limited to those two issues.
 
 
 4
 As to the issues raised before the military review court, federal review is still quite limited. Before we can consider petitioner's claims on the merits, they must meet four conditions. Each claim must 1) be of constitutional dimension, 2) be an issue of law rather than of fact, 3) implicate no special military considerations such that federal court intervention would be inappropriate, and 4) not have received adequate consideration in the military courts or the proper legal standards were not applied. See Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir.1990). When an issue has been briefed and argued to a military court, we assume the issue has received full and fair consideration, even if the military court summarily disposed of the issue. See Lips, 997 F.2d at 812 n. 2.
 
 
 5
 Petitioner argues that this deferential standard--requiring that an issue be raised before the military courts and further assuming that, once raised, it was fully and fairly considered--denies him due process because it automatically results in a denial of any habeas relief from the decisions of military courts. Petitioner misunderstands the role of federal courts in reviewing habeas claims from military court convictions. Federal courts do not sit as final courts of appeals from the decisions of military courts. "Our jurisdiction to review a military conviction for constitutional error is limited because habeas jurisdiction of a federal civil court does not extend to a reassessment of the facts and issues fully and fairly considered by a military court." Khan v. Hart, 943 F.2d 1261, 1262 (10th Cir.1991) (citing Burns v. Wilson, 346 U.S. 137, 142 (1953)). Congress created a statutory scheme intended to both preserve the independence of military law and protect the rights of those subject to it. See Burns, 346 U.S. at 140-42; see also Lips, 997 F.2d at 810 (noting independence of military court system). Under this scheme, federal courts are not empowered to re-evaluate a petitioner's claims on the merits, so long as they were considered by the military courts and the appropriate legal standards were applied. If the first three considerations listed above are met, our function in reviewing petitioner's claims is limited to "determin[ing] whether the military have given fair consideration to each of [petitioner's] claims." Burns, 346 U.S. at 144.
 
 
 6
 The record on appeal clearly establishes that petitioner briefed and argued his two remaining claims before the military review court. We agree with the district court that the military courts applied the proper legal standards. Therefore, we also agree that petitioner has received full and fair consideration of his claims. Lips, 997 F.2d at 812 n. 2; Watson, 782 F.2d at 145. Therefore, for substantially the same reasons as set forth in the district court's memorandum and order dated March 26, 1993,[2] the judgment of the United States District Court for the District of Kansas, denying habeas relief, is AFFIRMED. Petitioner's "Motion to Compel Discovery" is denied. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner's "Motion to Dismiss Two Issues Presented to the District Court" is granted
 
 
 [2]
 Petitioner complains that the district court's citation to United States v. Langston, 32 M.J. 894 (AFCMR 1991) is error because Langston contains a citation to the military review court's decision in this case, United States v. Tornowski, 29 M.J. 578 (AFCMR 1989), review denied, 30 M.J. 214 (CMA 1990). Nonetheless, the district court's order cites Langston only in support of its statement that a military defendant must make an adequate showing of necessity before a trial court is required to appoint an expert consultant, a standard well supported by other case authority. See United States v. Kinsler, 24 M.J. 855, 856 (ACMR 1987) (citing United States v. Garries, 22 M.J. 288, 291 (CMA), cert. denied, 479 U.S. 985 (1986) and Moore v. Kemp, 809 F.2d 702, 712 (11th Cir.), cert. denied, 481 U.S. 1054 (1987)), review denied, 27 M.J. 21 (CMA 1988). The district court's citation to Langston was not error