**UNITED STATES, Appellee,**

v.

**Waldon W. WHITE, Master Sergeant U.S. Army, Appellant.**

No. 51,464.

CM 444355.

U.S. Court of Military Appeals.

Sept. 24, 1987

For Appellant: *Captain Richard J. Anderson* (argued); *Lieutenant Colonel William P. Heaston, Major John E. King, Captain James E. Girvin* (on brief); *Colonel William G. Eckhardt, Colonel Brooks B. La Grua, Major Lawrence F. Klar, Captain Paul E. Conrad.*

For Appellee: *Captain Tarek Sawi* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Larry D. Williams* (on brief); *Colonel Norman C. Cooper, Lieutenant Colonel Gary F. Roberson, Major Patrick M. Flachs, Captain Edmond R. McCarthy, Jr., Captain Carlton L. Jackson.*

*Opinion of the Court*

COX, Judge:

This case arises out of appellant's prosecution for taking indecent liberties with females under the age of 16 and for communicating a threat.[1] The victims, ages 7

---

1. Appellant was convicted of taking indecent liberties with a female under the age of 16 years (three specifications) and communicating a threat, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was originally charged with attempted rape; taking indecent liberties (three specifications); indecent exposure; wrongfully communicating a

and 11, both appeared in court and testified fully that appellant had committed various sexual acts upon them which, if believed, clearly constituted taking indecent liberties with minor children. We granted appellant's petition to consider issues [2] arising out of the testimony given by the Government's expert child psychologist, Dr. Rhey Cravens, Ph.D.

As in many other cases which we have seen, these children were sent by their mother to a child psychologist for consultation and treatment. During the treatment, the children revealed the story to the psychologist that appellant, on two occasions, had sent their mother to a liquor store to purchase wine, and that he committed various sexual acts upon them while she was gone. Timely objections were taken to admissibility of the evidence, but the military judge permitted its introduction under Mil. R.Evid. 803(4), Manual for Courts-Martial, United States, 1969 (Revised edition), the "medical-history" exception to the hearsay rules.

We have consistently recognized that "[s]tatements made [to a physician] for purposes of medical diagnosis or treatment" are admissible under the rule. But

threat; and assault on a child. At trial, the findings modified the attempted rape to the lesser-included offense of taking indecent liberties, and consolidated that specification with the allegations of one of the original indecent-liberties specifications. The assault and the indecent-exposure specifications were dismissed.

**2.** The five issues granted review are:

**I**
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PERMITTING THE PROSECUTION PSYCHOLOGIST, PURSUANT TO MILITARY RULE OF EVIDENCE 803(4), TO REPEAT STATEMENTS MADE BY THE VICTIMS OF SEXUAL ASSAULTS.

**II**
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PERMITTING MS. CRAVENS' HEARSAY TESTIMONY WHEN THE GOVERNMENT FAILED IN MEETING ITS BURDEN OF PROVING THAT THE VICTIMS OF THE ALLEGED SEXUAL ASSAULTS WERE MOTIVATED SOLELY BY A DESIRE TO TELL THE TRUTH WHEN THEY MADE ALLEGATIONS AGAINST APPELLANT TO MS. CRAVENS, IN THE CONTEXT OF A

"the extrajudicial statement by the patient" must be "clearly made with some expectation of receiving medical benefit from the medical diagnosis or treatment that is being sought." *United States v. Deland*, 22 M.J. 70, 75 (C.M.A.), *cert. denied*, —— U.S. ——, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). *See also United States v. Iron Shell*, 633 F.2d 77 (8th Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). "[E]fforts to extend Mil.R.Evid. 803(4) to include the testimony of a . . . [physician] whose examination of an alleged victim was more oriented to his testifying at trial than to medical diagnosis or treatment" will not be condoned. 22 M.J. at 75. Lastly, we look to the state of mind or motive of the patient in giving the information to the physician and the expectation or perception of the patient that if he or she gives truthful information, it will help him or her to be healed. This is what gives vitality to the hearsay exception. *Id.* at 73. Such "medical history" is inherently reliable.

In reviewing appellant's contention, we conclude that a properly trained and skilled psychologist:

MILITARY RULE OF EVIDENCE 803(4) HEARSAY EXCEPTION.

**III**
WHETHER THE ADDITIONAL TESTIMONY PROVIDED BY THE PROSECUTION'S PSYCHOLOGIST, ATTRIBUTING THE CHILDREN'S DIFFICULTIES TO SEXUAL ASSAULTS COMMITTED BY APPELLANT, WAS INADMISSIBLE BECAUSE OF ITS LACK OF RELEVANCE.

**IV**
WHETHER ASSUMING, *ARGUENDO,* THAT THE TESTIMONY OF MS. CRAVENS WAS NOT INADMISSIBLE HEARSAY AND WAS NOT IRRELEVANT, IT SHOULD NONETHELESS HAVE BEEN EXCLUDED BECAUSE ITS PREJUDICIAL IMPACT OUTWEIGHED ITS RELEVANCE.

**V**
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PERMITTING MS. CRAVENS, THE GOVERNMENT PSYCHOLOGIST, TO IDENTIFY APPELLANT AS THE PERPETRATOR OF ASSAULTS EXPERIENCED BY [the victims].

(1) is competent to obtain medical histories for purposes of treatment and diagnosis; and

(2) is competent to testify as to these "medical history" statements.

■ There is no contention here that Dr. Cravens was less than an expert in child psychology. Nevertheless, appellant makes a compelling argument that the children's statements fail to meet the recognized requirements of the rule. First, the children testified that they told the psychologist about the episodes not in anticipation of receiving the benefit of treatment but in order to please their mother and get Easter gifts. Second, appellant suggests that the revelation of the sexual incidents *by the children* was not involved in their diagnosis or treatment because Dr. Cravens was operating on the assumption that they had been sexually molested.

We reject appellant's arguments. It is clear from the record that both the learned military judge and the Court of Military Review correctly applied the rule, and while the conclusion that appellant suggests can be drawn from the evidence, it can also be inferred as a *matter of fact* that the requirements of Mil.R.Evid. 803(4) were satisfied. The court below stated:

The record is replete with evidence that the children were motivated to speak with Dr. Cravens because of their desire to be cured. Although the mother and children discussed Easter gifts, we do not find that the children spoke to Dr. Cravens in order to satisfy a desire for such gifts. The children's overwhelming motivation for visiting and speaking with Dr. Cravens was to receive treatment in order to overcome the bed-wetting episodes, the unnamed fears, the crying, and other psychological problems they experienced.

Unpub. op. at 3. This conclusion is supported by the record, and we do not disturb it on appeal.

■ A recurring problem, however, with the expert testimony of a child psychologist is the scope of the testimony. Mil.R.Evid. 702 provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto." Mil.R.Evid. 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, in the context of this case, the expert is not allowed to express an opinion that he believes the statement. *United States v. Deland, supra* at 75. Although Dr. Cravens opined during her testimony that she believed the children, no objection was made to her testimony. We do not find it was plain error; therefore, the error, if any, was waived. Mil.R.Evid. 103(a)(1) and (d).

■ Dr. Cravens also testified as to the identity of the sexual assailant, which may or may not have been relevant to the diagnosis or treatment. *United States v. Deland, supra* at 74. While appellant now complains of this testimony on appeal, our examination of the record reveals that appellant's identity as the assailant was elicited during defense counsel's cross-examination of Dr. Cravens; therefore, any objection has been waived. We need not decide here what limitations govern the evidence provided under Mil.R.Evid. 803(4).

Finally, this case was well and truly tried by both the prosecution and defense. Appellant was not denied the right to confront any of the witnesses against him—including the two victims. His defense simply was not believed. Although the question of whether the children's motive for giving the history of the sexual molestations to the psychologist was for diagnosis, treatment, or some other purpose, the statements were perfectly consistent with their live testimony and, as the record reveals, consistent with other pretrial statements given to the Criminal Investigation Command (CID) and the Article 32 [3] investigating officer. We defer to the factfinding

---

3. Article 32, UCMJ, 10 U.S.C. § 832.

powers of the military judge and the Court of Military Review in concluding that Dr. Cravens' testimony was admissible.

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring):

Mil.R.Evid. 803(4) recognizes an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment." However, in order to assure trustworthiness, the statements must have been motivated primarily by the desire to obtain a medical benefit. *United States v. Deland*, 22 M.J. 70 (C.M.A.), *cert. denied*, —— U.S. ——, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). In this case, the record contains substantial evidence tending to show that, shortly before appellant's trial, the two children made their statements to Dr. Cravens, the psychologist, because their mother had led them to believe that, if they failed to do so, they would not receive Easter presents. If this were the primary motivation for their telling Dr. Cravens about the alleged incidents of child abuse,

those statements should have been excluded. However, the capable military judge who tried the case and had the benefit of observing the child witnesses was satisfied by other evidence that the children were seeking help from Dr. Cravens "with problems that they clearly perceived and which, to the girls, were clearly troublesome." In light of his finding—which was left undisturbed by the Court of Military Review— the requirements of Mil.R.Evid. 803(4) were fulfilled.

In this, as in other child-abuse cases, I am concerned that the factfinder may attach undue weight to an expert's evaluation of a witness' credibility. However, here that danger is much less because the two children both testified on the merits and so were subject to cross-examination by the defense and to observation by the military judge and the court members. *Cf. United States v. LeMere*, 22 M.J. 61 (C.M.A.1986). Taking into account this and the other matters discussed in the majority opinion, I am sure that appellant's trial was free of prejudicial error.