**UNITED STATES**

v.

**Staff Sergeant Joseph L. DEAN, FR 235–84–1816, United States Air Force.**

**ACM 26786 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Feb. 1988.

Decided 21 April 1989.

———

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Frank J. Spinner.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Terry M. Petrie.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

MURDOCK, Judge:

This case has been returned to us for consideration of an issue initially raised on appeal to the United States Court of Military Appeals. The appellant was found guilty, contrary to his pleas, of raping and committing sodomy with his six year old daughter on divers occasions over more than a year and a half. His approved sentence is a dishonorable discharge, seven years confinement, and reduction to airman basic. When we first reviewed this case, the appellant asserted that the evidence was insufficient to establish guilt beyond a reasonable doubt. We disagreed and issued a short form opinion on 12 October 1988. In his supplement to the petition for grant of review submitted to the Court of Military Appeals, the appellant asserts that the military judge committed prejudicial error by overruling the defense objection to the testimony of two government witnesses. We have again reviewed the record of trial and find no basis for his assertion.

■ Before hearsay testimony can be admitted under Mil.R.Evid. 803(4) two conditions must be met and found in the record of trial. " 'First, the statement must be made for purposes of medical diagnosis or treatment'; and second, the patient must make the statement 'with some expectation of receiving medical benefit from the medical diagnosis or treatment that is being sought.' " *United States v. Deland*, 22 M.J. 70, 75 (C.M.A.), *cert denied*, 479 U.S. 856, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986), cited in *United States v. Williamson*, 26 M.J. 115 (C.M.A.1988). In *Williamson*, Judge Cox states that "although there may be some relaxing of the quantum of proof in those situations where a child is being treated, the facts and circumstances must support a finding that both prongs of the test were met." 26 M.J. at 118.

We have considered both the *Deland* test and the permissible relaxing of the quantum of proof as they apply to this case. When the offense to which medical hearsay relates is abuse of a young child, an inflexible application of a test such as the one in *Deland* may result in unnecessary suppression of admissible evidence—not because the evidence should not be heard, but because the test is not capable of handling all the situations to which it is applied. If a child is bleeding, it is usually easy to show that the child realized that something was wrong and that medical personnel could offer help. However, when the injuries are more emotional than physical, it is harder to expect a young child to know how to ask for help, or even to recognize the need for it.

■ Taking the above considerations into account, we are convinced the victim was sufficiently aware that she was in a medical facility and that her statements to the two witnesses were part of her medical diagnosis or treatment. Further, we are convinced the victim had some expectation of receiving medical benefits from her stay at the hospital and her subsequent visits to the county mental health clinic. *United States v. Williamson*, 26 M.J. 115 (C.M.A. 1988).

Ms. Berson, one of the witnesses involved in this assertion of error, testified that she met with the victim at the hospital, and that she told her she was "a lady who talked with kids in the hospital when we were concerned that things might be bothering them or worrying them." The other witness, Ms. Miller, testified that she first met the victim in her offices at the Wayne County (N.C.) Mental Health Center. The victim had been referred to the Mental Health Center by the Duke University Medical Center (where Ms. Berson is employed). Ms. Miller told the victim that her job was "to work with special children and to help them if they needed help or if anything was making them sad or bothering them. And that I was there to do that, to help her out."

The victim's mother testified that the victim had been in hospitals before, and she was sure the girl understood she was in a hospital. Further, common sense allows us to conclude that six-year olds generally have a fairly well developed idea of medical personnel and facilities. By the age of six, most children have been in doctor's offices and clinics many times for shots, physicals, and treatment for the injuries and diseases of childhood. *See United States v. Lingle*, 27 M.J. 704, 707 (A.F.C.M.R.1988).

The military judge conducted a thorough hearing on the suppression motion and made extensive findings of fact which we have found very helpful. He found that the victim's state of mind at both interviews was that "these sessions were set up to help her." He found further that the information gathered during the interviews was "reasonably pertinent to the diagnosis or treatment" and that both witnesses "fit within the rule of persons covered by [Mil. R.Evid. 803(4) ]". We concur and find no merit in the appellant's assertion of error.

We feel one more comment is necessary about the way this case has proceeded. When we first reviewed this case the appellant asserted that the evidence was insufficient to sustain his conviction. Obviously, part of our consideration of his error was a thorough evaluation of the admissibility of the evidence against him. This, of necessity, included considering whether the military judge had ruled correctly on the admissibility, by virtue of Mil.R.Evid. 803(4), of the evidence being questioned here. Even if he had not raised the issue on appeal before us, our mandate under Article 66(c), UCMJ, 10 U.S.C. § 866(c), which applies to every case we consider, requires us to review the entire record and affirm only what we find to be correct in law and fact. In other words, although the issue we decide today was not articulated in the same words when the case was before us the first time, it is not accurate to say the issue was not considered before the case reached the United States Court of Military Appeals. We agree with Chief Judge Holdaway when he says "[t]his court has always considered matters raised by appellant whether or not assigned as error. We have, on appropriate occasions, specified

issues raised neither by appellant nor counsel based on our required review of the 'entire record'." *United States v. Mullens,* 28 M.J. 574, 575, n. 2 (A.C.M.R.1989).

We have again examined the record of trial, the issue raised by the appellant, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are, once again,

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.