UNITED STATES, Appellee,

v.

Corporal LeWayne H. SMITH,
428–21–2633, United States
Army, Appellant.

ACMR 8802276.

U.S. Army Court of Military Review.

6 Nov. 1990.

For Appellant: Captain Keith W. Sicken-dick, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

CORRIGAN, Judge:

A general court-martial composed of officers and enlisted members found appellant guilty of assault consummated by a battery upon a child under sixteen years of age (appellant's stepdaughter) in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the pay grade of Private E1.

The appellant had been arraigned and tried upon charges of rape, sodomy, indecent acts with a child, and aggravated assault in violation of Articles 120, 125, 134, and 128, UCMJ, 10 U.S.C. §§ 920, 925, 934, 928. On motion, the military judge entered a finding of not guilty on the charge of indecent acts with a child. Appellant was found not guilty of rape and sodomy by the members. He was, however, found guilty, by exceptions and substitutions, of assault consummated by a battery upon a child under sixteen years of age.

Appellant urges us to set aside the findings of guilty because the military judge erred in admitting, over objection, hearsay statements his six-year-old stepdaughter

had made to social workers (*See United States v. Williamson*, 26 M.J. 115 (C.M.A. 1988)) and expert testimony regarding the credibility of the victim (*See United States v. Thomlinson*, 20 M.J. 897 (A.C.M.R. 1985)). We need not reach these issues because we find the child's testimony unreliable and, therefore, there is insufficient evidence to support the findings of guilty.

The initial complaint of sexual abuse upon the stepdaughter was made by appellant's wife at a time of marital strife. The appellant had bought plane tickets for his family to leave Germany. Two days prior to the date of departure, appellant's wife complained to his chain of command that he had sexually abused her daughter. The command referred the case to the Family Advocacy Program in accordance with Army Reg. 608–1, Army Community Service Program (27 Apr. 1988). When first questioned by the case worker, Mrs. Hebbe, the child made no mention of sexual abuse. Later, helped by her mother, she described with the aid of anatomically-correct dolls sexual intercourse, anal sodomy, and "bad touch" fondling by the appellant. Prompted by her mother, the child told Mrs. Hebbe that on one occasion when she did not want to remove her clothes, the appellant bent her finger back and broke it. This incident forms the basis for the assault charge.

The child provided little testimony at the trial.[1] The government relied on a videotape of her testimony taken at the Article 32, UCMJ, investigation,[2] and the testimony of physicians, social workers, and neighbors. On the tape, the child affirmed that the appellant was the one who bent her finger back, breaking it. The government buttressed this direct testimony with an X-ray showing a healed break on the fifth finger of the left hand and statements the child made to an examining physician and Mrs. Hebbe that the appellant had broken her finger. However, for the reasons that follow, we find this evidence not persuasive.

Appellant contends the evidence is insufficient to support the finding of guilty of assault because the child's videotaped testimony even buttressed by the testimony of the examining physician[3] and Mrs. Hebbe is not credible. The government contends that in using our statutory fact-finding authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we must make allowances for not having personally observed the witnesses. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Using this standard, the government points to evidence corroborating the child's testimony and urges us to affirm.

As we recently noted in *United States v. Johnson*, 30 M.J. 930, 934 (A.C.M.R.1990):

> [I]n cases where witness credibility plays a critical role in the outcome of the trial, we hesitate to second-guess the court's findings. *United States v. Albright*, 26 C.M.R. 408 (C.M.A.1958). Conversely, where those findings do not depend on the court's observation of the witnesses, our independence as a fact-finder should only be constrained by the evidence of record and the logical inferences emanating therefrom. (Footnote omitted).

The child's testimony on the videotape and her statement to the examining physician and the social worker are the sources of evidence connecting the appellant with the child's broken finger. Therefore, her reliability is key to sustaining a finding of guilty on the assault. However,

---

1. The six-year-old child was unresponsive to questions of the trial counsel, the assistant trial counsel, trial defense counsel, and the military judge on any matter concerning sexual abuse. The child had answered some nonrelevant questions by nodding her head. She also affirmed she knew the difference between a lie and the truth, and that it was bad to tell a lie. While refusing to respond to any of the questions about sex abuse, she did nod her head in the negative when asked by the assistant trial counsel whether the appellant "ever hurt your hand?"

2. Upon proper foundation, the military judge ruled that the videotape of the Article 32 investigation was admissible. *See* Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 804(b)(1) [hereinafter Mil.R.Evid.]; *United States v. Arruza*, 26 M.J. 234 (C.M.A.1988), *cert. denied*, 489 U.S. 1011, 109 S.Ct. 1120, 103 L.Ed.2d 183 (1989).

3. Admitted under Mil.R.Evid. 803(4).

unlike *Albright* or *Johnson,* we have the same opportunity to view the witness as did the trial court. We are not constrained in our fact finding because we can on *de novo* review evaluate the testimony of the victim equally as well as if we were the finder of fact at the trial. *See United States v. Cole,* 31 M.J. 270 (C.M.A.1990).

■ The videotape depicts a reluctant and unresponsive child, except to leading questions that are so suggestive as to call into question the child's ability to distinguish real from suggested facts. Obviously, the court rejected this uncorroborated testimony on the sex-abuse charges since, unlike the assault, the government's case consisted only of the videotaped testimony and the child's statements to social workers.[4] The results of several physical examinations could not scientifically confirm sexual abuse. Similarly, we find the testimony of the child, bolstered by her statements to the examining physician and Mrs. Hebbe, insufficient to support the assault conviction.

We particularly note that when the child first made comment about an injury to her finger, she told Mrs. Hebbe that she had hurt it in a fall. Only when prompted by her mother did she name appellant as the one who broke her finger. An orthopedic expert, called as a government witness, could not exclude a fall as the cause of the injury. In addition, on the two occasions that the child described how the appellant broke her finger (to Mrs. Hebbe and to an examining doctor), she bent back fingers other than the one that had been broken.

In view of evidence of coaching, the history of physical abuse by the mother, the absence of any corroboration as to the cause of the fracture, the testimony of an orthopedic expert that the fracture could have been caused by a fall, and the unreliability of the victim's memory of the alleged assault, we find the evidence insufficient to support the finding of guilty.[5]

The findings of guilty and the sentence are set aside. The charge is dismissed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

4. The government, both at the trial and on appeal, relies heavily on the testimony of experts that the child suffered from "Abused Child Syndrome." In theory the evidence of unresponsiveness, vagueness, and reluctance to tell others of abuse is a product of the abuse itself and therefore is corroborative of it. The evidence of physical abuse by the mother, which was corroborated in the child's medical records, leads us to conclude that any "Abused Child Syndrome" could equally result from that confirmed physical abuse as well as any alleged sexual abuse. Therefore it is not persuasive as corroboration on the issue of sexual abuse.

5. Where, as here, a court composed of members announces findings of not guilty on some offenses that call into question the legal or factual sufficiency of evidence that supports the findings of guilty on other charged offenses, appellate action is not the exclusive vehicle for review. A military judge may conduct such a review, on motion of either side or *sua sponte,* at trial after findings, or at a post-trial Article 39a, UCMJ 10 U.S.C. § 839a session. *See United States v. Griffith,* 27 M.J. 42 (C.M.A.1988). In addition, a staff judge advocate may advise the convening authority to disapprove such findings of guilty in his written post-trial recommendation made in accordance with Article 60, UCMJ 10 U.S.C. § 860. These post-trial procedures can avoid unnecessary incarceration during appellate processing. *See Moore v. Adkins,* 30 M.J. 249 (C.M.A.1990).