UNITED STATES, Appellee,

v.

Specialist Tommy R. QUIGLEY, 561–47–4967, United States Army, Appellant.

ACMR 9002706.

U.S. Army Court of Military Review.

14 Jan. 1993.

---

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain John P. Saunders, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial consisting of officer members. Contrary to his pleas, he was found guilty of committing indecent acts with another,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for three months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

The case was submitted to this Court on its merits. On 8 May 1991, this Court affirmed the findings and the sentence. Subsequently, appellant retained civilian counsel. The United States Court of Military Appeals granted appellant's petition for review on the following issues:

### I.

WHETHER APPELLANT WAS PREJUDICED BY ADMISSION OF HEARSAY EVIDENCE THAT DID NOT QUALIFY AS MIL. R. EVID. 803(4) EXCEPTION MATERIAL BECAUSE THE HEARSAY DECLARANT HAD NO EXPECTATION OF RECEIVING MEDICAL BENEFIT BY MAKING THE STATEMENT.[2]

### II.

WHETHER APPELLANT HAS BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL BEFORE THE ARMY COURT OF MILITARY REVIEW.[3]

On 25 September 1992, the United States Court of Military Appeals set aside this Court's decision and remanded the case for further review under Article 66, UCMJ, 10 U.S.C. § 866. *United States v. Quigley*, 35 M.J. 345 (C.M.A.1992). The Court stated, "[t]he question of admissibility of the 5-year-old's statements to Dr. Calhoun is a viable and important issue. Hence, it appears this issue deserves zealous appellate advocacy before the Court of Military Review." *Id.* at 348. The case is before this Court, after appellate briefs were filed on that issue. We again find the assertion without merit and affirm.

This case involves appellant's indecent acts with a five-year-old female child while appellant was a guest at the home of the child's parents. Shortly after the incident, the parents took the child to Dr. Calhoun for professional counseling. At trial, the five-year-old victim testified that appellant touched her between the legs and doggy kissed her which included kissing and licking her mouth. She also testified that she went to Dr. Calhoun for help because of what happened to her and that he helped her. She also testified that she knew that Dr. Calhoun was a doctor who helps people. The child-victim's mother testified that she introduced the victim to the doctor by saying, "This is Dr. Calhoun and she's going to help you, [K]." Dr. Calhoun testified that she was a counselling psychologist. She essentially testified that the child-victim understood why she was seeing her,

---

1. Appellant was charged with committing indecent acts with a child but was found guilty of the lesser offense of indecent acts with another. *Cf. United States v. Quigley*, 35 M.J. 345 (C.M.A. 1992).

2. This issue was personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Although not briefed by defense appellate counsel, this Court considered the issue as required by Article 66, UCMJ, and

decided it against appellant. *See United States v. Quigley*, ACMR 9002706 (A.C.M.R. 8 May 1992) (unpub). We find no fault with counsel's decision to place the issue in a footnote. We would again affirm the findings and sentence without opinion but feel compelled to do otherwise because of the remand.

3. This issue has been rendered moot by the remand to this Court.

knew she was there for help, and felt better after the counselling session.[4]

The issue of concern is whether the statement to Dr. Calhoun satisfies the foundational requirements of the medical treatment exception to the hearsay rule. Specifically, we must determine if the child-victim had an expectation of receiving treatment from the recipient of the statement. *See* Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 803(4); *see also Quigley,* 35 M.J. at 347; *United States v. Edens,* 31 M.J. 267 (C.M.A.1990); *United States v. Avila,* 27 M.J. 62 (C.M.A.1988). It is recognized that "very young children will not have the same understanding or incentive as adults when making statements to persons providing health care." *Avila,* 27 M.J. at 66. Nevertheless, it must appear that the child knows at least that the person is rendering care and needs the information in order to help. *Id.*

In the case before us, we believe the child-victim provided sufficient information to meet the foundational requirement which is in question. Apparently at issue is whether other witnesses could provide information to satisfy the requirement. In this case, the child-victim's mother and Dr. Calhoun provided additional information. We hold that witnesses other than the patient can provide this foundational information. *See White v. Illinois,* 502 U.S. ——, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (victim's statement to medical personnel admissible although victim did not testify at trial); *see also United States v. Tornowski,* 29 M.J. 578, 581 (A.F.C.M.R.1989) (social worker's testimony established that the declarant made statements to her with expectation of receiving medical benefit).

We find as a matter of fact that the child-victim, [K], knew that Dr. Calhoun was rendering care, knew that Dr. Calhoun needed the information in order to help, and had an expectation of receiving medical treatment from Dr. Calhoun. We further find that the child-victim's statement was made with the expectation of receiving a

medical benefit. *See* UCMJ art. 66(c). The child-victim's statement to Dr. Calhoun satisfied the requirements of the medical treatment exception to the hearsay rule and was properly admitted into evidence.

Even assuming, *arguendo,* that the statement was not admissible, we find the remaining evidence legally and factually sufficient to support the findings of guilty. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); UCMJ art. 66(c); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

---

4. The pertinent testimony of the child-victim and the Dr. Calhoun concerning the medical

exception is quoted in *Quigley,* 35 M.J. at 348–50.