UNITED STATES, Appellee

v.

Tommy R. QUIGLEY, Specialist
U.S. Army, Appellant.

No. 66,848.
CMR No. 9002706.

U.S. Court of Military Appeals.

Argued April 7, 1994.

Decided Aug. 17, 1994.

For Appellant: *Captain Teresa L. Norris* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Fran W. Walterhouse* (on brief).

For Appellee: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Captain John P. Saunders* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During September and October 1990, appellant was tried by officer members in a

general court-martial at Frankfurt and Butzbach, Germany. Contrary to his pleas, he was found guilty of committing an indecent act with another, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 3 months, total forfeitures, and reduction to the lowest enlisted grade. On December 13, 1990, the convening authority approved the sentence. On May 8, 1991, the Court of Military Review affirmed the findings of guilty and sentence without opinion.

On September 25, 1992, this Court set aside that court's decision and remanded the case for further review. 35 MJ 345. On January 14, 1993, the Court of Military Review again affirmed the findings and sentence. 36 MJ 750. On August 5, 1993, this Court granted review of the following issue:

> WHETHER APPELLANT WAS PREJUDICED BY ADMISSION OF HEARSAY EVIDENCE THAT DID NOT QUALIFY AS MIL.R.EVID. 803(4) EXCEPTION MATERIAL BECAUSE THE HEARSAY DECLARANT HAD NO EXPECTATION OF RECEIVING MEDICAL BENEFIT BY MAKING THE STATEMENT.

■ We hold that the challenged evidence was admissible under Mil.R.Evid. 803(4), Manual for Courts–Martial, United States, 1984. The findings of fact by the military judge and the Court of Military Review that the child-declarant had an expectation of receiving medical treatment when she made her out-of-court statements to a psychologist were supported by the evidence. *See United States v. Edens,* 31 MJ 267 (CMA 1990); *United States v. White,* 25 MJ 50 (CMA 1987).

The facts and testimony relevant to the granted issue are set forth in this Court's earlier opinion, 35 MJ at 346, the appendix to our earlier opinion, *id.* at 348–50, and the second opinion of the court below, 36 MJ at 751–52. In addition, we note that, over defense objection, the military judge ruled on this hearsay question as follows:

MJ: I think that the statements made by [K] to Dr. Calhoun are admissible under 803.4. *However, it is not at all clear from [K]'s testimony that she believed that she made the statement to Dr. Calhoun with some expectation of receiving medical benefit from the treatment.* After listening to the testimony of Dr. Calhoun, who stated that she heard [K]'s mother tell [K] in front of Dr. Calhoun that this is Dr. Calhoun and she's here to help you, I believe there is sufficient evidence to find, and I do find, that statements made by [K] to Dr. Calhoun were made with some expectation of receiving medical benefit from the medical diagnosis or treatment that is [sic] being sought; and I also find from the testimony of Dr. Calhoun that the statement was made for the purpose of medical diagnosis or treatment, which includes statements of this nature to Dr. Calhoun as a counselor.

(Emphasis added.)

— — —

In his second appeal to this Court, appellant claims that "[t]he military judge erred in permitting Dr. Calhoun's testimony under the medical hearsay exception, because [the military judge] did not focus properly on what [K] had in mind as opposed to what Dr. Calhoun opined [K] understood." Final Brief at 9. Appellant argues that the child-victim's testimony does not establish that she expected to receive psychological treatment from Dr. Calhoun but, rather, that she expected such treatment to help appellant. He further avers that Dr. Calhoun's opinion that K expected to receive treatment is based solely on her assumptions that K understood why she was in Dr. Calhoun's office. We disagree.

■ The first question we must answer is "whether other witnesses [may] provide information to satisfy the requirement" that the declarant "had an expectation of receiving [medical] treatment." 36 MJ at 752. We note that application of Mil.R.Evid. 803(4)[1] is not based on the availability of the declarant. The child might not testify or even

1. This Rule states: Rule 803. Hearsay exceptions; availability of declarant immaterial.

appear at trial. *See generally White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (statement made for medical treatment admissible although child victim never testified at trial), *cited in United States v. Quigley*, 36 MJ at 752. Therefore, admissibility of an out-of-court statement made to a psychologist by a child declarant need not be based on the testimony of the child.[2] *Cf. United States v. Edens, supra* at 268 (child-victim's expectation of receiving treatment determined by testimony of pediatrician who provided medical treatment); *United States v. Dean*, 31 MJ 196, 198–202 (CMA 1990) (child-victim's state of mind, *i.e.*, expectation of receiving medical treatment, was determined by testimony of a psychologist and the child's mother), *cert. denied*, 499 U.S. 906, 111 S.Ct. 1106, 113 L.Ed.2d 215 (1991).

■ The second matter we address is our standard of review of determinations by a military judge and a Court of Military Review of the existence of an actual expectation of receiving medical treatment on the part of the out-of-court declarant. These rulings present a preliminary question of fact. *See United States v. Edens*, 31 MJ at 269; *United States v. White*, 25 MJ at 52; *see also United States v. Quigley*, 35 MJ at 346–47. As such, their findings of fact will be set aside only if clearly erroneous. *See Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). *See generally*

S. Childress and M. Davis, *Federal Standards of Review* § 11.04 at 11–18 (2d ed.1992).

■ Finally, turning to the record of trial, this Court must decide whether the findings as fact by the military judge and the Court of Military Review that K had an expectation of receiving medical treatment were clearly erroneous. The testimony in the record provided ample support for the military judge's findings, notwithstanding that the judge perceived K's testimony to be somewhat unclear on the issue. The Court of Military Review opined that K "provided sufficient information to meet the foundational requirement which is in question." 36 MJ at 752. We note that she testified that she went to Dr. Calhoun to get "help" for Tom (appellant) and "me." Moreover, the Court of Military Review also held that Dr. Calhoun and K's mother "provided additional information" to meet this requirement for admission. 36 MJ at 752. Accordingly, we conclude that the findings were not clearly erroneous and that there was no abuse of discretion in admitting Dr. Calhoun's testimony at appellant's court-martial.

The decision of the United States Army Court of Military Review on remand is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

---

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

(4) *Statements for purposes of medical diagnosis or treatment.* Statements made for purposes of medical diagnosis or treatment and described medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

2. In the case *sub judice*, the child victim, K, testified at trial. She stated that appellant touched her between her legs several times and that appellant "doggie" kissed her. K also testified that she told Dr. Calhoun about the things done to her by appellant. Trial defense counsel, without any objections by trial counsel, conducted cross-examination of K on both the merits of the allegations against appellant and the reasons for her seeing Dr. Calhoun.