UNITED STATES, Appellee,

v.

Christopher S. WATERMAN, Airman
First Class, U.S. Air Force,
Appellant.

No. 96–1383.
Crim.App. No. S29128.

U.S. Court of Appeals for
the Armed Forces.

Argued June 3, 1997.

Decided Sept. 11, 1997.

Accused was convicted by special court-martial, Charles W. Hasskamp, J., of wrongful use and possession of methamphetamines. The United States Air Force Court of Criminal Appeals affirmed. Review was granted. The United States Court of Appeals for the Armed Forces, Sullivan, J., held that evidence supported determination that accused did not disclose drug use with intention of entering substance abuse and treatment program.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* (argued); *Captain Michael L. McIntyre* (on brief); *Colonel David W. Madsen* and *Major Ormond R. Fodrea.*

For Appellee: *Major Allen G. Erickson* (argued); *Colonel Theodore J. Fink* (on brief); *Lieutenant Colonel Michael J. Breslin.*

*Opinion of the Court*

SULLIVAN, Judge:

*Statement of the Case*

On September 18 and 19, 1995, appellant was tried by a special court-martial consisting of officer and enlisted members at Luke Air Force Base, Arizona. In accordance with his conditional pleas, he was found guilty of wrongful use and possession of methamphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $400.00 pay for one month, and reduction to E–1. The convening authority approved the adjudged sentence on November 16, 1995. On July 30, 1996, the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

*Issue Granted*

On January 23, 1997, this Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN FINDING THAT APPELLANT HAD NOT VOLUNTARILY DISCLOSED HIS DRUG USE IN ORDER TO SEEK ASSISTANCE, THEREBY PROVIDING APPELLANT WITH THE PROTECTIONS OF AIR FORCE INSTRUCTION 36–2701.

We hold that there is ample evidence in the record to support the military judge's factual determination that appellant did not disclose his drug use "with the intention of entering the Air Force SART [Substance Abuse Reorientation and Treatment] Program." *United States v. Avery,* 40 MJ 325, 327 (CMA 1994).

## Statement of the Facts

The Court of Criminal Appeals set forth the facts of this case as follows:

On Friday, 9 June 1995, the appellant's commander offered him nonjudicial punishment for being late to work. The following Monday, he was again late. Knowing he was in trouble, the appellant went to Master Sergeant Edmondson, the noncommissioned officer in charge of squadron maintenance. Sergeant Edmondson was not the appellant's supervisor. The appellant testified, "I broke down in front of him. I didn't tell him what I had been doing or anything. I just told him I had a problem and I needed help with it. I didn't tell him what it was." Sergeant Edmondson referred the appellant to the Area Defense Counsel and to the first sergeant, Chief Master Sergeant Dennis McLain. The appellant's supervisor, Technical Sergeant Christopher Hendrix, escorted the appellant to Chief McLain, who was waiting to give the appellant a letter of reprimand for arriving late to work. Chief McLain essentially lectured the appellant ("I did all the talking. He did all the listening."). However, Chief McLain did ask the appellant, "what was going on and what was wrong," and gave the appellant an opportunity to respond. However, the appellant did not say anything. The Chief also requested and received the appellant's consent to a urinalysis.

The appellant left the first sergeant's office and was waiting for Sergeant Hendrix to make copies of the letter of reprimand when Chief McLain came up to the copier. The appellant then told Chief McLain that he "had a problem" or "problems." Chief McLain answered, "You sure do. If I can help you with some of those, let me know." The appellant said nothing about drugs or a drug problem. He now claims it was because he was not given the opportunity to do so.

Sergeant Hendrix testified that the appellant was physically and emotionally upset as he escorted him to the urinalysis. The appellant was very emotional and told Sergeant Hendrix, "I don't want to live anymore," and "[t]he urinalysis is not go-

ing to come back negative." After that exchange, Sergeant Hendrix asked the appellant what type of drugs he had taken and the appellant told him he had been using "crystal" [methamphetamine]. At no time did the appellant indicate that he was self-identifying himself for a drug abuse program. Sergeant Hendrix then took the appellant back to Chief McLain's office, where Chief McLain read him his Article 31, UCMJ, rights, which the appellant waived. The appellant then confessed his drug use. Because the appellant's original admissions to Sergeant Hendrix were without rights advisement, Chief McLain, upon receiving legal advice, read the appellant a "cleansing statement," repeated the rights advisement, and the appellant again waived his rights and confessed his drug use. The appellant now asserts that he confessed because he thought he was going to get help with his drug problem. The appellant's urinalysis tested positive for methamphetamine.

Unpub. op. at 1–2.

At trial, appellant made a motion to dismiss, claiming his admission of drug use was protected under Air Force Instruction (AFI) 36–2701 (15 Aug 1994). AFI 36–2701 bars use of a servicemember's voluntary admission of drug use in a subsequent UCMJ action, if the disclosure was "with the intention of entering the Air Force SART Program." Para. 5.5.1.1.1. The military judge denied the motion, finding that appellant's disclosures were not made "with the intent to enter a drug rehabilitation program," but were made "to resolve the accused's mental health." The Court of Criminal Appeals agreed. Unpub. op. at 3.

## DISCUSSION

This case is controlled by *United States v. Avery, supra.* There, then-Judge Cox, writing for a unanimous Court, clearly held that it is a question of fact whether a servicemember intended to report himself under an Air Force self-identification drug program for purposes of securing its regulatory protections. The Court further indicated that such

a factual determination by the military judge or the Court of Criminal Appeals will not be disturbed on appeal unless unsupported by evidence in the record. *See United States v. Quigley,* 40 MJ 64, 66 (CMA 1994) (recognizing clearly-erroneous standard of review for factual determinations). In view of the testimony of Chief McLain and Sergeant Hendrix noted above, we conclude that there is ample evidence supporting the judge's finding that appellant did not intend to report himself under AFI 36–2701.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.

---

* Appellant's argument that Air Force Instruction 36–2701 (15 Aug 1994) requires only an intent "to *seek* assistance for his or her drug use," Final Brief at 3, is inconsistent with the language of that regulation. It states:

> 5.5.1 **Drugs.**
> 5.5.1.1. Voluntary disclosure is when an Air Force member seeks assistance and voluntarily discloses evidence of personal drug use or possession to the unit commander, first sergeant, Social Actions, or a designated military medical authority.
> 5.5.1.1.1 Commanders grant limited protection for Air Force members who reveal this information *with the intention of entering the Air Force SART Program.*

(Emphasis added.) In any event, we need not decide in this case whether a servicemember must invoke the formal name of the program to obtain its protection.