# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL J. NORD**
**United States Army, Appellant**

ARMY 20120862

Headquarters, 25th Infantry Division
David L. Conn, Military Judge
Colonel Mark A. Bridges, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Daniel M. Goldberg, JA (on brief).

28 August 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

TELLITOCCI, Judge:

An officer and enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of wrongful possession and use of methamphetamine, one specification of abusive sexual contact, and one specification of conduct prejudicial to good order and discipline and of a nature to bring discredit upon the armed forces, in violation of Articles 112a, 120, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 912a, 920, and 934. The panel sentenced appellant to a dishonorable discharge, 5 years confinement, reduction to E-1, and forfeiture of $1,091.00 pay per month for 60 months. The convening authority approved the adjudged sentence.

This case is before us pursuant to Article 66, UCMJ. Appellant raises numerous assignments of error, three of which merit discussion and two of which merit relief.[1]

## FACTS

Appellant was convicted of abusive sexual contact with Ms. BA while she was substantially incapacitated. The evidence at trial demonstrated that BA had no recollection of the events of the evening other than drinking at a local bar. After awakening the next morning BA was informed by a witness (Mr. JM) that JM had observed BA kneeling on the bed naked while appellant was behind her thrusting his hips with his pants around his ankles. Based upon BA's discussions with JM and her anal bleeding and discomfort, BA concluded that appellant had engaged in anal intercourse with her and she became agitated. Ms. BA did not testify at the trial.

After multiple pretrial motions and argument, the military judge allowed into evidence two series of statements by BA. The first series were made during a phone conversation with a friend in which BA stated that appellant had raped her. The military judge admitted this statement as an excited utterance pursuant to Military Rule of Evidence [Mil. R. Evid.] 803(2). In the second series of statements, she told the triage nurse at the medical facility that appellant had anally raped her. The military judge admitted that under the medical treatment exception of Mil. R. Evid. 803(4). The military judge also conducted a thorough Confrontation Clause analysis and determined that these statements were non-testimonial. Other statements by BA were excluded by the military judge and will not be discussed here.

## LAW AND DISCUSSION

*Admissibility of Hearsay Statements*

In his first assigned error, appellant alleges:

> THE MILITARY JUDGE ERRED BY IMPROPERLY
> ADMITTING MULTIPLE INADMISSIBLE HEARSAY
> STATEMENTS.

We review a military judge's ruling on the admissibility of evidence under an abuse of discretion standard and will reverse only if the military judge's findings of fact are clearly erroneous or if his decision is influenced by a clearly erroneous view

---

[1] Appellant also personally raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

of the law. *United States v. Feltham,* 58 M.J. 470, 474 (C.A.A.F. 2003); *United States v. Hollis*, 57 M.J. 74, 79 (C.A.A.F. 2002).

Normally, hearsay is not admissible absent an exception. Mil. R. Evid. 802.

The gist of appellant's argument is that BA's statements were improperly admitted because they are "double hearsay" citing, as an example, the second footnote in *United States v. Williamson,* 26 M.J. 115, 117 (C.M.A. 1988). Appellant argues that because BA had no recollection of the events, her knowledge was based on what JM told her and, therefore, anything she thought or believed as a result was inadmissible hearsay. Therefore, according to this logic, even if the Mil. R. Evid. 803 hearsay exceptions applied, the statements' initial hearsay nature prevented admission.

This argument fails simply because the statements do not contain double hearsay. BA was not repeating statements made by JM. She did not say "JM told me that I was raped." She was espousing her opinion and belief about events that had taken place, not parroting what someone else said.

Additionally, as a part of the same assignment of error, appellant argues that trial defense counsel was ineffective for failing to object to the statements made to the triage nurse. Because these statements were included in the pretrial motions and litigated before the military judge, the trial defense counsel's objections were noted and preserved in the record. Trial defense counsel objected to and litigated the admissibility of BA's statements, but could not have objected to the "double hearsay" because there was none.

Assuming, *arguendo*, that the statements were impermissibly admitted and that the trial defense counsel was ineffective, we will test for prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Even if erroneous, the admission of the two statements by BA was harmless as they were of little probative value. The circumstances surrounding BA's lack of direct recollection were before the fact-finder via the triage nurse's testimony, as well as JM's testimony as to what he saw happening in the bedroom. The trial defense counsel cross-examined witnesses and argued that BA had no recollection of the events and was only repeating what she was told.

The other evidence presented by the government is legally and factually sufficient. *See, e.g., United States v. Brooks,* 60 M.J. 495, 497-98 (C.A.A.F. 2005) and *United States v. Craion*, 64 M.J. 531, 532 (Army Ct. Crim. App. 2006). This included JM's eyewitness testimony that appellant was having sex with BA, specifically, that appellant was behind BA with his pants around his ankles thrusting at her while she was naked and kneeling on the bed with her head down. There were also physical findings of perianal injuries to BA discussed by the sexual assault

3

nurse examiner, and BA's DNA was found in the crotch area of appellant's shorts. Finally, appellant made an oral statement to criminal investigators in which appellant incredibly described how he came to be standing behind BA with his pants down at the time the witness entered the room: that she fell off the bed and grabbed his shorts on the way to the floor.

*Article 134 offense*

Appellant also alleges that Charge V and its Specification[2] failed to state an offense and should, therefore, be dismissed. The government concedes that this charge should be dismissed based upon a failure of proof. We accept the government's concession and will take appropriate action in our decretal paragraph.

Appellant further points out that the promulgating order is incorrect in part and we agree. Although the military judge merged Specifications 1 and 2 of Charge IV prior to findings in response to a defense motion, the promulgating order reflects two separate charges and convictions: Specification 1 alleges wrongful use of methamphetamine and Specification 2 alleges wrongful possession of methamphetamine. To properly reflect the proceedings, Specification 1 should be renamed "The Specification" and should allege wrongful possession and use, as follows: "Did, at or near Wheeler Army Airfield, Hawaii, on or about 11 August 2011, wrongfully possess and use methamphetamine."

**CONCLUSION**

Accordingly, the findings of guilty as to Charge V and its Specification are set aside, and the charge and its specification are dismissed. The findings of guilty to the remaining charges and specifications, as amended, are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's

---

[2] "In that [the accused], U.S. Army, did at or near, Wheeler Army Airfield, on or about 19 September 2011, ask SGT [DL] to take a urinalysis for him and that such conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces."

4

sentence. Second, appellant was sentenced by panel members but because the remaining offenses are not based on customs of the service, this factor has less weight. Third, we find the nature of the remaining offenses still captures the gravamen of the original specifications. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

In reassessing the sentence, based on the noted error and the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, 58 months confinement, reduction to E-1, and forfeiture of $1,091.00 pay per month for 58 months. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court